IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS AVILA | § | |
| | § | |
| vs. | § | C.A. NO. _____ |
| | § | |
| GOTLAND SCHIFFAHRT GMBH & CO.; | § | [JURY] |
| and LUBECA MARINE GERMANY GMBH. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE DISTRICT JUDGE:

Plaintiff, Carlos Avila, complains of GOTLAND SCHIFFAHRT GMBH and LUBECA MARINE GERMANY GMBH& CO. KG [collectively "Defendants"] and, for cause, would respectfully show as follows:

## I.
## JURISDICTION AND VENUE

1.01   This case falls within the diversity jurisdiction of this Court; the amount in controversy exceeds $75,000.00USD and Plaintiff and Defendants are diverse in citizenship pursuant to 28 U.S.C. § 1332(a)(2).

1.02   This action is brought "at law" pursuant to the "savings to suitors" clause set forth in 28 U.S.C. § 1331(l).  Plaintiff seeks relief under general maritime law, as well as 33 U.S.C. §§ 905(b) and 933 of the Longshore and Harbor Workers' Compensation Act ["LHWCA"].

1.03   Venue is proper because Plaintiff was injured onboard the *M/V RICKMERS TIANJIN* owned, operated and/or managed by Defendants, while the vessel was alongside a marine terminal within this District.

## II.
## PARTIES

2.01   Plaintiff, Carlos Avila, is a Texas resident.

2.02   Defendant *in personam*, GOTLAND SCHIFFAHRT GMBH ["GOTLAND GMBH"] (IMO no. 4133438), is a foreign entity duly organized, created and existing pursuant to the laws of some other country or countries. GOTLAND GMBH is the reported owner, operator and/or manager of the *M/V RICKMERS TIANJIN*, and is subject to this Court's general and specific jurisdiction. GOTLAND GMBH has substantial and/or continuous and systematic activities with the United States – including the Southern District of Texas – and its negligence directly caused Plaintiff's injury in this District. GOTLAND GMBH does not have a regular place of business or a registered agent for service of process in Texas or this District and, therefore, may be served with process:

(a)   in compliance with Federal Rule of Civil Procedure 4(h)(1) by delivering copies of the Summons and Complaint to its agent, the master of the *M/V RICKMERS TIANJIN*, and also sending copies same via registered or certified mail to:

The President or Officer in Charge of GOTLAND SCHIFFAHRT GMBH
Care of Lubeca Marine (Germany) GmbH & Co. KG
Grosse Burgstrasse 55-57
23552 Lübeck
Germany

OR

(b)   pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents by mailing two copies of Request for Service Form together with two (2) copies of the documents (with translations thereof, if applicable) to be served to the German Central Authority:

Ministerium für Justiz
Kultur und Europa des Landes Schleswig-Holstein
Lorentzendamm 35
24103 Kiel
Germany
tel.: +49 (431) 988-0
fax: +49 (431) 988-3704

2.03    Defendant *in personam*, LUBECA MARINE GERMANY GMBH& CO. KG ["LUBECA GMBH"], is a foreign entity duly organized, created and existing pursuant the laws of some other country or countries.  LUBECA GMBH is the reported manager and/or operator of the *M/V RICKMERS TIANJIN* and is subject to the Court's general and specific jurisdiction.  LUBECA GMBH has substantial and/or continuous and systematic activities with the United States – including the Southern District of Texas – and its negligence directly caused Plaintiff's injury in this District.  LUBECA GMBH does not have a regular place of business or a registered agent for service of process in Texas or this District and, therefore, may be served with process:

(a)   in compliance with Federal Rule of Civil Procedure 4(h)(1) by delivering copies of the Summons and Complaint to its agent, the master of the *M/V RICKMERS TIANJIN*, and also sending copies same via registered or certified mail to:

  The President or Officer in Charge of
  LUBECA MARINE GERMANY GMBH& CO. KG
  Grosse Burgstrasse 55-57
  23552 Lübeck
  Germany

  OR

(b)   pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents by mailing two copies of Request for Service Form together with two (2) copies of the documents (with translations thereof, if applicable) to be served to be served to the German Central Authority:

  Ministerium für Justiz
  Kultur und Europa des Landes Schleswig-Holstein
  Lorentzendamm 35
  24103 Kiel
  Germany
  tel.: +49 (431) 988-0
  fax: +49 (431) 988-3704

3

## III.
## FACTS

3.01     On or about June 2, 2014, Plaintiff was working as a longshoreman by and under the direction of his stevedore employer, Ports of America, Inc., and assigned to work aboard the *M/V RICKMERS TIANJIN* while alongside within the Port of Houston in this District.

3.02     Through its duly authorized agents, the *M/V RICKMERS TIANJIN* permitted and invited the longshoremen, including Plaintiff, to board said vessel to perform certain work thereon at the aforesaid date and place.

3.03     Upon mooring the vessel alongside the dock, and prior to commencing cargo operations, the vessel's crew had placed and erected a gangway for the purpose of enabling longshoremen, including Plaintiff, to embark upon and disembark from the vessel in the course and furtherance of their duties during cargo operations on board.

3.04     While utilizing the gangway to embark upon the vessel, Plaintiff was caused to slip through a portion of the gangway due to an uneven and/or missing step or rung just beneath the upper platform.  Specifically, in the course of attempting to climb the gangway, Plaintiff's leg slipped through the gangway due to the unexpected missing step or rung, causing him to fall and sustain serious and disabling injuries to his right shoulder, knees, and other parts of his body.

3.05     At the time of the accident, Plaintiff was maneuvering within the common areas of the *M/V RICKMERS TIANJIN* utilized for embarking and disembarking from the vessel, and said gangway, components, appurtenances, fixtures, etc. remained at all times under the care, custody, control, and direction of the vessel and Defendants as her agents.

## IV.
## CAUSE(S) OF ACTION

### *Negligence*

4.01   Defendants are liable for the subject accident and Plaintiff's injuries and damages by reason of their negligence and conditions attributable to it, directly and/or vicariously, by and through the vessel and/or her agents, representatives and/or employees, in one or more of the following particulars:

a. Failing to discharge the duties prescribed by 33 U.S.C. § 905(b);

b. Failing to properly inspect, service, position and/or adjust the vessel gangway and related appurtenances;

c. Failing to warn of the improperly inspected, poorly secured, and/or inadequately positioned gangway and related appurtenances - all dangers unknown to the longshoremen, yet known - or should have been known in the exercise of reasonable care - to the vessel owner, manager, operator, agents, representatives and/or employees;

d. Failing to have the vessel and its equipment (including the vessel gangway and related appurtenances) in such condition that the stevedore could embark and/or disembark to/from the vessel with reasonable safety;

e. Failing to ensure the gangway was regularly checked to ensure it was correctly adjusted and positioned;

f   Failing to designate a crewmember or other vessel agent to regularly monitor and check the gangway;

g. Failing to warn the stevedore of dangers that were unknown to Plaintiff, yet known - or should have been known in the exercise of reasonable care - to the vessel owner, manager, operator, agents, representatives and/or employees;

h. Failing to maintain the gangway and appurtenances of the *M/V RICKMERS TIANJIN* in a reasonably safe condition;

i. Failing to properly supervise, train, crew and man the *M/V RICKMERS TIANJIN*;

j. Failing to warn Plaintiff of harm from hazards that he encountered with equipment and/or appurtenances under the vessel's active control of (including utilization of the vessel gangway in question);

k. Failing to have in place sufficient and appropriate company policies to ensure safe inspection, maintenance, repair, and/or replacement of equipment and/or appurtenances under the vessel's active control of (including utilization of the vessel gangway in question);

l. Failing to have and provide longshoremen with safe and adequate means to embark and disembark from the vessel;

m. Failing to comply with applicable safety standards, statutes, and regulations designed to prevent incidents of this sort; and/or

n. Other acts so deemed negligent, particulars to be shown at trial of this cause.

4.02   Plaintiff would show that each of the foregoing, individually or collectively, constituted negligence, which was a proximate cause of his injuries and damages complained of herein.

4.03   Plaintiff's injuries were not culminated by any contributing fault of his own, but solely the unsafe condition of the *M/V RICKMERS TIANJIN* and its equipment and/or appurtenances - an environment brought about by the negligence of Defendants.

## V.
## DAMAGES

*Pecuniary and Non-Pecuniary*

5.01   As a result of these occurrences and negligent acts, Plaintiff sustained severe and permanent injuries to his right shoulder, knees, and other parts of his body.  In addition to the expenses incurred by him and incapacity to labor caused by his injuries, he has been put to much expense for treatment; such expenses are still continuing and he is unable to state the full amount thereof.

5.02    Categorical damages which Plaintiff seeks to recover from Defendants include compensation for the following:

- a. physical disability sustained by Plaintiff from the date of injury to the time of trial;

- b. future physical disability reasonably anticipated to be sustained by Plaintiff in the future;

- c. physical pain and suffering sustained by Plaintiff from the date of injury to time of trial;

- d. physical pain and suffering which is reasonably anticipated to be suffered by Plaintiff in the future;

- e. loss or earnings sustained by Plaintiff from the date of injury to time of trial;

- f. loss of earnings and earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

- g. reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from the date of injury to time of trial;

- h. reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

- i. past and future physical disfigurement; and

- j. past and future physical impairment.

## VI.
## INTEREST

6.01    Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VII.
## JURY DEMAND

7.01    Plaintiff respectfully demands a jury.

## VIII.
## PRAYER

**WHEREFORE**, Plaintiff prays:

a. That process in due form of law according to the practice of this Honorable Court issue against Defendants summoning each to appear and answer, all and singular, the matters aforesaid;

b. That a judgment may be entered in favor of Plaintiff against Defendants for the amount of his claims to be determined;

c. That upon final hearing, Plaintiff have judgment against Defendants named herein, both jointly and severally;

d. That he have pre-judgment and post-judgment interest and all costs of Court;

e. That this Honorable Court grant Plaintiff a Trial by Jury; and

f. That Plaintiff may have such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause.

Respectfully submitted,

GILMAN ✢ ALLISON LLP

*/s/ Douglas T. Gilman*
Douglas T. Gilman
Texas Bar No. 24048496
Federal I.D. No. 19897
2005 Cullen Blvd.
Pearland, Texas 77581
Telephone: (713) 224-6622
Facsimile:  (866) 543-3643

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

Brenton J. Allison
Texas Bar No. 24040417
Federal I.D. No. 36863
GILMAN ✢ ALLISON LLP

8